IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN A. REDDING,**  *Plaintiff*  v.  **ANDREW M. SAUL,**  *Defendant.* | Case No. 2:19-cv-04624-JDW |

## MEMORANDUM

On October 26, 2020, this Court adopted a report and recommendation and remanded John A. Redding's claim for social security benefits to the Commissioner for further proceedings. Mr. Redding now asks the Court to award him $5,323.13 in attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). That statute provides that a court "shall award to a prevailing party other than the United States fees and expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action . . . .." 28 U.S.C. § 2412(d)(1)(A). To award fees, a court must make three findings: (1) the plaintiff submitted a timely application for fees and the requested amount is reasonable; (2) the plaintiff prevailed in the underlying action against the United State; and (3) the position of the United States in the underlying action was not substantially justified, nor do special circumstances make an award unjust. *See Kadelski v. Sullivan*, 30 F.3d 399, 401.

The Commissioner does not dispute that Mr. Redding has satisfied these three factors, and the Court agrees. His application is timely, coming within 30 days of the expiration of the Commissioner's time to appeal. It seeks a reasonable fee, based on

25.5 hours of work at an hourly rate of $208.75, which reflects a cost-of-living increase to the statutory rate. Mr. Redding prevailed when the Court adopted Judge Sitarksi's R&R. And, nothing in the record suggests that the Commissioner's position was substantially justified. In fact, the Commissioner did not object to Judge Sitarski's R&R.

Mr. Redding seeks to have the award paid directly to his counsel. EAJA awards belong to the prevailing party, not the party's attorney. *See* 28 U.S.C. § 2414(d)(1)(A). A prevailing party may assign his right to those fees to his attorney, but only if he does not owe a debt to the Government against which the Government might claim a right of offset. Then, an assignment to counsel can occur "after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." 31 U.S.C. § 3727(b). The Commissioner has agreed to waive these requirements, but only after confirming that Mr. Redding does not owe a federal debt. Accordingly, the Court finds that Mr. Redding is entitled to attorneys' fees and costs totaling $5,323.13 and that Mr. Redding may assign those fees to his counsel if he does not owe a federal debt. An appropriate Order follows.

BY THE COURT:

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

February 22, 2021